Matter of Heritage Mech. Servs., Inc. v Suffolk County Dept. of Pub. Works (2018 NY Slip Op 06537)





Matter of Heritage Mech. Servs., Inc. v Suffolk County Dept. of Pub. Works


2018 NY Slip Op 06537


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2016-04242
 (Index No. 15257/15)

[*1]In the Matter of Heritage Mechanical Services, Inc., appellant, 
v
Suffolk County Department of Public Works, et al., respondents.


Murtagh, Cohen & Byrne, Rockville Centre, NY (Edward T. Byrne and Paul J. Murdy of counsel), for appellant.
Dennis M. Brown, County Attorney, Hauppauge, NY (Marlene L. Budd and Drew Schirmer of counsel), for respondents Suffolk County Department of Public Works and County of Suffolk.
Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP, Uniondale, NY (David A. Loglisci and Joseph P. Asselta of counsel), for respondent Posillico/Skanska, JV.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (John H. Rouse, J.), dated February 29, 2016. The judgment denied the amended petition, which sought, inter alia, to annul a determination of the respondent Suffolk County Department of Public Works dated May 6, 2015, approving a request by the respondent Posillico/Skanska, JV, pursuant to General Municipal Law § 101(5), and dismissed the proceeding.
ORDERED that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
In 2013, the respondent Suffolk County Department of Public Works (hereinafter DPW) solicited bids for a general construction contract relating to a project to upgrade and expand a waste water treatment plant. The project was bid in connection with a project labor agreement (hereinafter PLA) establishing a labor organization as the collective bargaining representative for all workers on the project. The bid forms requested separate bid amounts for certain base work as well as for 11 items of alternate work which the County might or might not select, including 3 alternate items involving HVAC work numbered 16, 17, and 18. The bid forms also included a form entitled "List of Subcontractors," upon which the applicant was to list the name of each subcontractor it would use for plumbing, HVAC, and electrical work, if any, and the "Agreed upon amount to be paid" to each in accordance with General Municipal Law § 101(5). DPW ultimately awarded the contract to the respondent Posillico/Skanska, JV (hereinafter Posillico), and selected all alternates except for item 18. The list of subcontractors Posillico had submitted with its bid stated that it would subcontract the HVAC work associated with the project to the petitioner for the "Agreed upon amount to be paid" of $525,000.
A dispute arose between Posillico and the petitioner as to the agreed upon amount of the subcontract. Specifically, the petitioner claimed that $525,000 was its price for the base work alone and that it had quoted Posillico separate, additional amounts of $62,000, $110,000, and $253,000 for alternate items 16, 17, and 18, respectively. Posillico maintained that they had agreed that $525,000 was the price for all the HVAC-related work outlined in the project specifications, including the potential alternates. Posillico advised DPW that the petitioner refused to perform the subcontract on the terms stated in its accepted bid proposal and asked for authorization to perform the HVAC work itself instead pursuant to General Municipal Law § 101(5). On May 6, 2015, after receiving communications from Posillico and the petitioner outlining their respective versions of events, as well as an estimate it sought from the County Engineer indicating that the cost of the HVAC work, including all potential alternates, at the time of the bid submissions would have been approximately $320,000, DPW approved Posillico's request to perform the HVAC work itself in lieu of the petitioner. DPW found that the petitioner's unwillingness to perform the subcontract on the terms stated in the bid based on which Posillico was awarded the contract and the need to proceed with the project constituted a sufficient ground to authorize the change under the statute.
Pursuant to General Municipal Law § 101, where a public works project is bid in connection with a PLA, each general contractor bidding for the project contract must submit with its bid a "separate sealed list that names each subcontractor that the bidder will use to perform [the plumbing, HVAC, and electrical] work on the contract, and the agreed-upon amount to be paid to each" (General Municipal Law § 101[5]). Section 101(5) further provides that, "[a]fter the low bid is announced, the sealed list of subcontractors submitted with such low bid shall be opened and the names of such subcontractors shall be announced, and thereafter any change of subcontractor or agreed-upon amount to be paid to each shall require the approval of the public owner, upon a showing presented to the public owner of legitimate construction need for such change, which shall be open to public inspection. Legitimate construction need shall include, but not be limited to, a change in project specifications, a change in construction material costs, a change to subcontractor status as determined pursuant to paragraph (e) of subdivision two of section two hundred twenty-two of the labor law, or the subcontractor has become otherwise unwilling, unable or unavailable to perform the subcontract."
"Judicial review of administrative determinations that were not made after a quasi-judicial hearing is limited to whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Underhill-Washington Equities, LLC v Division of Hous. & Community Renewal, 157 AD3d 705, 706 [internal quotation marks omitted]; see CPLR 7803[3]).
Here, DPW's determination that the petitioner's refusal to perform the HVAC subcontract work on the terms set forth in Posillico's accepted bid constituted a "legitimate construction need" within the meaning of General Municipal Law § 101(5) , and its approval of Posillico's request to perform the subcontract itself was not arbitrary and capricious, affected by an error of law, or an abuse of discretion. Accordingly, we agree with the Supreme Court's determination to deny the amended petition and dismiss the proceeding.
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court